hSHORTESS, C.J.,
Concurring.
When this case was before us two years ago, we questioned whether it was appropriate for the trial court in a motion for summary judgment to base its decision on breach of contract when that cause of action was not pled. Plaintiff did not amend its petition to allege breach of contract, yet the trial court’s reasons for judgment are again couched in terms of whether the conditions of the contract have been met. Redhibition and breach of contract are two separate causes of action. As noted by the majority, they have different prescriptive periods. Furthermore, Civil Code article 2529 makes it clear that the sale of an item that is not “useless” or “inconvenient” within the terms of article 2520 so as to have a redhibitory defect may be actionable under the laws of conventional obligations if it is not of the kind or quality specified in the contract or represented by the seller. The comments to that article, which was effective January 1, 1995, state *470 this article does not change the law but was introduced to enhance the distinction between redhibition and breach of contract.
I agree with the majority that genuine issues of material fact exist in this case. Even if plaintiff had pled breach of contract, the affidavits of the sellers create a genuine issue of material fact whether the statue was of the kind or quality represented by the seller. Thus, summary judgment was inappropriate.
I respectfully concur.